UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHERRY B.,
    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security Administration,
    Defendant.

C.A. No. 20-140-JJM-PAS

## ORDER

Sherry is a 59-year-old woman who worked for over fifteen years as a front desk receptionist and a medical clerk. ECF No. 9 at 33, 34. She suffers from a right shoulder disorder for which she had surgery in 2013 and was forced again to have surgery in 2016 with "the return of pain and difficulty using [her] arm ... for repetitive motions, such [as] using a mouse and typing." *Id.* at 30. She was unable to resume her work and so filed for disability insurance benefits.

The Commissioner of Social Security denied Sherry's claim after a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 26-35. The ALJ found that Sherry had a Residual Function Capacity to perform light work with some limitations, including "occasional overhead reaching, and frequent handling and fingering – all with the right dominant upper extremity." The ALJ concluded that she could do "individual/table bench work" and so was not disabled during the applicable period. Sherry appealed to the Appeals Council, submitting additional

medical records from a pain specialist. The Appeals Council rejected the new evidence and denied her request for review.

Sherry now appeals to this Court, requesting that the Commissioner's decision to deny her benefits be reversed. The parties have filed cross motions and a reply. ECF Nos. 13, 15, 17. Sherry makes four arguments: that the ALJ substituted his judgment when concluding that her ability to handle/finger was frequent and justified denying her benefits; that the ALJ used the incorrect standard at Step 5 when considering Sherry's range of work as an individual over 55 years old; that the ALJ should not have rejected Sherry's credible testimony about her medical issues; and the Appeals Council mistakenly rejected the new evidence in its review and decision to deny Sherry's appeal.

## *STANDARD OF REVIEW*

The Commissioner's findings are conclusive if they are supported by substantial evidence and the Commissioner has applied the correct legal standard. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). Substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "'must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [his] conclusion.'" *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (quoting *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d

218, 222 (1st Cir. 1981)) (alterations original). If substantial evidence supports the Commissioner's decision, the Court must affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987).

## *ANALYSIS*

Sherry, a former receptionist and medical clerk, alleges disability because of severe and debilitating right shoulder and arm pain. She has had two shoulder surgeries after many tries at more conservative treatments. The essential finding leading to the ALJ's "no benefits" determination is that Sherry's use of her hands was "frequent" (the ALJ's term) not "occasional" (the expert's diagnosis). Words matter, and here the difference between "frequent" and "occasional" determines whether Sherry is entitled to disability.

State agency reviewing physician Henry Laurelli, M.D., a neurosurgeon, opinioned that Sherry was capable of only occasional handling and fingering. ECF No. 9 at 108. ("Fingering (fine manipulation): Limited right *** Explain manipulative limitations *** occasional"). According to the Commissioner and the Dictionary of Occupational Titles the terms "occasionally" and "frequently," are defined as: *occasionally*: "cumulatively 1/3 or less of an 8-hour day" and *frequently*: "cumulatively more than 1/3 up to 2/3 of an 8-hour day." *See, e.g.*, *id.* at 108, 118. The limitation of "occasional" fingering should have led to a finding of disability because the vocational expert said it would preclude all her past work and all but one other job in the national economy. *Id.* at 84.

Yet instead, the ALJ found that Sherry was capable of "frequent" fingering. *Id.* at 25, 29. The Commissioner explained the ALJ's reasoning as follows:

> First, the ALJ supportably rejected the opinion of the initial reviewer [Dr. Laurelli], finding that medical records received after that review were inconsistent with a limitation to "occasional" fingering. (Tr. 29, n.2).
>
> \*\*\*\*\*
>
> Second, the ALJ reasonably determined that Plaintiff was *more* limited in her fingering ability than the State agency reviewer at the reconsideration level, Dr. Kahn, opined. (Tr. 29, 118-19). After reviewing the updated evidence in July 2018, Dr. Kahn opined that Plaintiff was limited in her right upper extremity when it came to pushing, pulling, and operation of hand controls, but did not have manipulative limitations. (Tr. 118).

ECF No. 15 at 8-9.

The problem with the ALJ's finding is that no medical professional or expert opined that Sherry is capable of "frequent" handling and fingering. The state agency neurosurgeon, Dr. Laurelli found she could do these things only "occasional." Dr. Charles Kahn, an internist who specializes in endocrinology, after a records review gave an internally inconsistent analysis about Sherry's limitations. He found she was "Limited in upper extremities, Right" with regard to "Push and/or pull (including operation of hand and/or foot controls)" but then responded "No" when asked, "Does the individual have manipulative limitations?" ECF No. 9 at 118.

The ALJ was faced with a medical opinion in the record from a neurosurgeon that Sherry's fingering/handling could be occasionally done and an inconsistent opinion from an endocrinologist that says no manipulative limitation but finds upper extremities limitations and severe right-hand impairment. Based on these

4

conflicting and inconsistent opinions, the ALJ then seemingly decided to split the baby and find that Sherry could finger/handle objects "frequently" (a finding that landed between no limitation and "occasionally"). The ALJ cannot render such a medical opinion in the face of conflicting and inconsistent evidence without the assistance of a medical expert. *Santiago v. Sec. of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991) ("[A]n expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person."); *Carrillo Marin v. Sec. of Health & Human Servs.*, 758 F.2d 14, 16 (1st Cir. 1985) ("An ALJ is simply not at liberty to substitute his own impression of an individual's health for uncontroverted medical opinion."). The uncontroverted credible evidence is that Sherry is disabled. This conclusion is based on evidence that a "'reasonable mind might accept as adequate to support a conclusion.'" *Biestek*, 139 S. Ct. at 1154 (quoting *Consol. Edison Co.*, 305 U.S. at 229).

As for Sherry's second point in her appeal–the ALJ's Step 5 determination that there was a substantial range of work available to an over 55-year-old Sherry–the regulations provide that "individuals of advanced age who can no longer perform vocationally relevant past work and ... who have only skills that are not readily transferable to a *significant range* of semi-skilled or skilled work that is within the individual's functional capacity ... warrant a finding of disabled." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c). Sherry argues that it cannot be disputed that there was only one other job the vocational expert identified that she could do with those

limitations and her one transferrable skill. ECF No. 9 at 80, 82. The Commissioner disagrees and argues that there was a significant range of work for Sherry.

The Court agrees with Sherry. The vocational expert testified that she could not do her past work and that the skills she had acquired would transfer to only one other job if she were limited to only "occasional" fingering and fine manipulation with her right dominant hand. *Id.* at 84. Because she is over 55 and her limitations would preclude her from performing only one other job, such a finding requires an award of disability.[1] *See Maxwell v. Saul*, 971 F.3d 1128, 1132 (9th Cir. 2020) (holding that the identification of just two occupations does not constitute a "significant range of work," which is what the Commissioner must show to satisfy his burden at Step 5 of the Sequential Evaluation).

## *CONCLUSION*

The Court GRANTS Plaintiff's Motion to Reverse (ECF No. 13) and DENIES the Defendant's Motion to Affirm. ECF No. 15. The Court remands Sherry's case with an Order directing the Commissioner to allow these benefits because there is very strong evidence of disability and no contrary evidence. *See Sacilowski v. Saul*, 959 F.3d 431, 441 (1st Cir. 2020); *Maxwell*, 971 F.3d at 1132.

---

[1] The Court need go no further into Sherry's other arguments advocating that the ALJ erred in rejecting her personal testimony about her physical condition and pain and the Appeals Council was mistaken in rejecting the new evidence from her pain specialist.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

February 11, 2021